Judge O us let
delivered the opinion of the court.
In the progress of this cause in the court below, various exceptions appear to have been taken to that court’s opinion, but as the main contest involves the question, whether the possession of the plaintiffs in error can bar the defend-dht’s right of entry, our enquiries will be confined to that subject.
, As the patent, under which the right was asserted by. the defendant in error, emanated less than twenty years ago, jjjere cannot, according to the former decisions of this court, be any doubt..* but that the statute ot limitations cannot avail the plaintiffs in error as a bar to the action.
But aS respects the plaintiff, Jasper Griffin, it is contend-cd, that as his father had been in possession more than five years after the date of the.patent, before his death, the de-sccnt caS[ UnQn Jasper by his father’s death, tolled the defendant’s right to enter upon the land; and, consequently, as to him, it is urged the defendant improperly recovered a Ju^Sment Ian.fi».
Had the father of Jasper been guilty of an actual dissei-sin on the land, and continued in its possession for five years thereafter, there would be no doubt, but that by the descent cast upon his son, the defendant’s right of entry would have been tolled; but as the ancestor is proven to have gained the possession not by disseisin, but by contract with the owner of the claim through which the defendant now his right, it.is plain, that so long as the possession held under that contract, it cannot have been adverse the defendant’s title; and as we are of opinion thé evidence in the caüse does not shew that the ancestor ¡waved all benefit from the contract, it follows, that the descent cannot have the operation contended for. The evidence does, it is true, prove that the ancestor, more than five years before his death, purchased from the paten-tee ailcther adverse claim, but as that might haye been ^one merely for the purpose of quieting his possession acquired, as we have shewn, under a different title, and as no other circumstance is shewn, tending in any wise to prove jjial ¡¡ü not st¡l¡ Jock to the person with whom the coli-tract, under which the possession was gained to perfect 1⅜ *507 fcitle, the bare circumstance of his purchasing another claim cannot, per se, so change the nature of his possession, as by a descent cast, to take away the defendant’s right of entry,
1'he judgment must be affirmed with cost,.